UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PROGRESSIVE EXPRESS<br>           INSURANCE COMPANY | CIVIL ACTION NO. 13-2854 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| ALL SEASON DISASTER RELIEF, INC.,<br>     et al | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss this suit for declaratory judgment, doc. #25, filed by defendant, Melançon. Melançon argues that, under the circumstances of this case, and where the provisions of the Anti-injunction Act apply, this court does not have the authority to issue a declaratory judgment.

Melançon was injured in an automobile accident in 2009 allegedly caused by the negligence of the driver of a truck driven by an employee of All Season Disaster Relief, Inc. (ASDR) Melançon filed suit in state court in the 16th Judicial District of Louisiana against the driver, his employer, ASDR, and their insurer, Progressive, for damages. At the time, ASDR was providing trucks and drivers to haul sugar cane.

Progressive filed this suit for declaratory judgment in this court alleging that it seeks a determination of its policy limits in the policy issued to ASDR. It alleges that there is also pending another lawsuit in state court in a different Parish–the Ortego suit–where the same policy is at issue. It is necessary, it claims, to determine the policy limits for purposes of both suits once and for all,

without the risk of conflicting state court decisions.

Melançon argues that pursuant to the holding of Travelers Ins. Co. V. Louisiana Farm Bureau Federation, 996 F.2d 774 (5th Cir. 1993), and others, the declaratory judgment action filed by Progressive must be dismissed. Alternatively it argues that this court should exercise its discretion to abstain from deciding the case.

Travelers, reiterates that, ordinarily, a federal district court does not have authority to issue a declaratory judgment when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issue as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.[1]

However, there is an exception to the above rule for those cases which are brought in order to avoid a multiplicity of suits in various forums regarding the same issue, and are not intended as a vehicle to change forums or deny the plaintiff his choice of forum. In such cases, a declaratory judgment is appropriate so that the issue can be resolved in one, rather than multiple, forums.

As in the Travelers case, there is no indication here that the purpose of this action is to deny plaintiff his choice of forum. Indeed, once the issue were to be decided here, the case would proceed in state court. Although this case meets the three pronged Travelers test above, the exceptional factor is also present, i.e., two Louisiana courts have pending before them the issue of what are the policy limits of the policy of insurance issued by Progressive to ASDR. Therefore, this court has authority

---

[1] The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

to issue a declaratory judgment, if it is warranted.

Melançon urges the court instead to abstain from deciding the issue. As the Travelers court observed, "it is well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action." However, Travelers directs that, in deciding whether to abstain, the district court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record. Those factors include: 1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

Here there are two pending state court cases where the issues may be resolved. But that is the problem; the two courts might reach differing conclusions on the issue presented here, i.e., coverage. This case does not present a "race to judgment" situation and, as previously noted, forum shopping is not implicated as to the issue presented.     No inequities have been suggested and the federal court is about as convenient as are the two state courts. Finally, this court retaining jurisdiction would certainly be judicially efficient in that only one and not two courts will be required to litigate the issue presented.

Considering all these factors, I conclude that abstention would not be appropriate. The motion to dismiss the motion for declaratory judgment should be denied.

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 11th day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE